# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SOUTHERN HIGHLANDS, LLC,

    Plaintiff,

v.

SCOTT REID, *et al.*,

    Defendants.

Case No. 2:10-CV-1704-KJD-PAL

**ORDER**

    Presently before the Court is Plaintiff's Motion for Judgment on the Pleadings (#12). Though the time for doing so has passed, no response in opposition has been filed. In response to the Complaint (#1) Defendant Donnell Reid d/b/a Super Clean Cut filed a response, or answer (#10).

    A plaintiff succeeds in trademark infringement claim under the Lanham Act by showing that defendants' use of a mark gives rise to a likelihood of confusion as to the source or origin of either parties' goods or services. See E. & J. Gallo Winery v. Gallo Cattle Co., 967 F.2d 1280, 1290 (9th Cir. 1992). The similarity of the compared marks is significant in determinations of likelihood of confusion. Id. Here, Defendants have admitted (#10) and not denied Plaintiff's allegations and judgment on the pleadings is therefore appropriate.

    Defendants also do not deny Plaintiff's allegations that Defendants' unlicensed use of Plaintiff's marks, including an exact duplicate of the Southern Highlands' Logo ("the Logo") on its

business card, to advertise for and sell landscaping services was likely to confuse customers as to an association between the parties or dilute Plaintiff's marks and damage Plaintiff.  As reflected by the parties' pleadings, Defendants have exactly duplicated Plaintiff's registered mark and specifically the Southern Highlands Logo ("the Logo").

Moreover, Defendants' answer or response does not deny and also implicitly admits to using Plaintiff's marks and the Logo by informing the Court that: "[the Defendants] have already stopped using the Logo and have no need to use the Logo in the Future" (Doc. 10, p. 1-2).  Because of the undisputed and indisputable use by Defendants of Plaintiff's marks, consumers will be confused as to a sponsorship or association between the parties and Plaintiff will suffer irreparable injury. Brookfield Communications, Inc. v. West Coast Entertainment Corp., 174 F.3d 1036, 1066 (9th Cir. 1999).

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Judgment on the Pleadings (#12) is **GRANTED**.

DATED this 6th day of April 2011.

_____
Kent J. Dawson
United States District Judge

2